

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2008

# USA v. Christian

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4636

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Christian" (2008). *2008 Decisions.* Paper 112.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/112

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4636
_____

UNITED STATES OF AMERICA

v.

HECTOR CHRISTIAN,
Appellant

_____

On Appeal from the District Court of the Virgin Islands
(D.C. No. 02-cr-160)
District Judge: James T. Giles
_____

Submitted Under Third Circuit LAR 34.1(a)
December 9, 2008

Before:   FISHER, JORDAN and STAPLETON, *Circuit Judges*,

Filed: December 15, 2008
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Hector Christian ("Christian") appeals from a conviction on firearm charges for

violating 18 U.S.C. § 922(g)(1); 18 U.S.C. § 922(k); and 14 V.I.C.A. § 2253(a), claiming

the District Court erred by not dismissing the indictment because the police lost

potentially exculpatory fingerprint evidence.  He alleges that the police acted in bad faith

and in violation of his due process rights. Because Christian has not met his burden to demonstrate that the police acted in bad faith, his due process rights were not violated, and we will affirm the District Court's decision.

I.

On May 14, 2001, police officers were investigating criminal activity in which Christian was a suspect and, by chance, observed Christian driving an automobile. Aware that he did not have a license, they attempted to pull him over, at which point Christian accelerated through Christiansted Town and ran a stop sign. Eventually, he abandoned his car and the pursuit continued on foot. During the foot chase, one of the officers saw Christian approach another man, Enrique Figueroa, and give him a handgun. The police immediately arrested Figueroa and seized the gun from his pocket. Figueroa signed a written statement indicating that Christian gave him the gun and told him to hold it.

Christian was indicted on the firearms charges in 2001. On the eve of trial, the government disclosed that it had latent fingerprints that had been removed from the magazine of the gun. The District Court granted Christian's motion to dismiss the indictment without prejudice because the government had failed to inform the defense that latent fingerprints existed. An internal government investigation revealed that a fingerprint technician, Thomas Jackson, had collected prints from the magazine of the gun, attached the latent print cards to his report, and submitted both the report and the print cards to a supervisor, Jonathan Hitesman. Hitesman said the report lacked

2

information required by department regulations and sent it back to Jackson to be corrected. Hitesman later stated that he examined the fingerprints and believed that they contained no suitable ridges for comparison. He also said Jackson resubmitted the report, but without the latent print cards, which were never found.

On re-prosecution, the defense again moved to dismiss on the basis of the missing fingerprint evidence, but the District Court denied the motion, concluding that "the government has made reasonable efforts to locate the latent fingerprint cards" and that there was "a lack of bad faith regarding the loss of the latent prints." (A-79.) Christian was found guilty on all charges.

II.

The District Court had jurisdiction over this matter pursuant to 48 U.S.C. §1612(a) and 18 U.S.C. § 3231. We exercise jurisdiction over this appeal pursuant to 28 U.S.C. §1291. We "review the district court's legal conclusions *de novo* and its factual findings for clear error." *United States v. Ramos*, 27 F.3d 65, 67 (3d Cir. 1994).

In situations where a defendant claims that the government destroyed evidence that might have proved exculpatory, the defendant has the burden of proving the government's bad faith in ordering or permitting the loss or destruction of the evidence. *United States v. Deaner*, 1 F.3d 192, 200 (3d Cir. 1993) (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)). Absent a showing of bad faith there is no due process violation. *Deaner*, 1 F.3d at 200 (citations omitted). "The presence or absence of bad faith by the police for

3

purposes of the Due Process Clause must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." *Griffin v. Spratt*, 969 F.2d 16, 20 (3d Cir. 1992) (quoting *Youngblood*, 488 U.S. at 51 n.*)). Negligent conduct by police officers in handling evidence does not demonstrate bad faith. *Youngblood*, 488 U.S. at 58; *Deaner*, 1 F.3d at 201.

Christian alleges that the loss of evidence demonstrates bad faith by the police because Officer Jackson failed to follow appropriate procedure in sending the fingerprints to his superior, Officer Hitesman, and that, consequently, the fingerprint cards were somehow lost. Absent some proof of ill-will, a failure to follow procedure is insufficient to support a finding of government bad faith. *Youngblood*, 488 U.S. at 58; *Deaner*, 1 F.3d at 201. There is no evidence here to suggest that the police purposely misplaced or destroyed the evidence or that any malicious intent accompanied Officer Jackson's failure to follow procedure. *Ramos*, 27 F.3d at 72 (holding that the destruction of evidence in violation of established rules and policy does not warrant per se a finding of bad faith); *Deaner*, 1 F.3d at 200-01 (holding that failure to follow procedure and negligence in preservation of evidence, without more, does not amount to bad faith).

In the present case, Christian has not met his burden to demonstrate bad faith. There is no suggestion in the evidence that the police believed the missing latent print cards would have exculpated Christian; the loss of the print cards appears to have been nothing more than an unfortunate but innocent mistake. *Griffin,* 969 F.2d at 20 (citations

4

omitted) (explaining that the presence or absence of bad faith originates from the police's knowledge of the exculpatory nature of the evidence at the time it was destroyed); *United States v. Stevens*, 935 F.2d 1380, 1388 (3d Cir. 1991) (holding no due process violation where government did not know whether lost DNA evidence would inculpate or exculpate the defendant).[1]

III.

In this case, failure to follow a government procedure does not by itself imply bad faith. Accordingly, we will affirm the District Court's denial of the motion to dismiss.

---

[1]Even if we accepted Christian's argument that the fingerprints belonged to another person, such evidence may have been helpful to Christian but does prove he did not possess the gun. The totality of the evidence overwhelmingly weighs against him.